# Your Missouri Courts

ase.net

Search for Cases by: Select Search Method...  ▼

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print

## 20SL-CC02098 - VIRGINIA HERRMANN V SAM'S EAST, INC. D/B/A SAM'S C (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries ▼

---

**05/18/2020** ☐ **Agent Served**
Document ID - 20-SMCC-3675; Served To - SAM'S EAST, INC. D/B/A SAM'S CLUB #6474; Server - ; Served Date - 01-MAY-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**05/15/2020** ☐ **Affidavit Filed**
Return of Service Affidavit for Defendant Sams East Inc dba Sams Club 6474.
   **Filed By:** WILLIAM WYLIE BLAIR
   **On Behalf Of:** VIRGINIA HERRMANN

**04/24/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3675, for SAM'S EAST, INC. D/B/A SAM'S CLUB #6474.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/20/2020** ☐ **Filing Info Sheet eFiling**
   **Filed By:** WILLIAM WYLIE BLAIR

☐ **Note to Clerk eFiling**
   **Filed By:** WILLIAM WYLIE BLAIR

☐ **Motion Special Process Server**
Request for Appointment of Special Process Server.
   **Filed By:** WILLIAM WYLIE BLAIR
   **On Behalf Of:** VIRGINIA HERRMANN

☐ **Pet Filed in Circuit Ct**
Petition.

☐ **Judge Assigned**
DIV 17

---

Exhibit A

**20SL-CC02098**

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

IN THE CIRCUIT COURT FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| VIRGINIA HERRMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SAM'S EAST, INC. d/b/a SAM'S | ) | Div. |
| CLUB #6474, | ) | |
| | ) | |
| Serve: CT Corporation System | ) | |
| 120 South Central Ave. | ) | |
| Clayton, Missouri  63105 | ) | |
| | ) | |
| Defendant. | ) | |

PETITION

Plaintiff Virginia Herrmann, by and through her undersigned attorneys, for her consumer class action against defendant Sam's East, Inc. d/b/a Sam's Club #6474, states as follows:

1.     This is a consumer class action against Defendant, and its predecessors and successors, seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by Defendant regarding the unilateral elimination without notice of the Sam's Business Membership for members who had already paid for it and the up-charging of said members into Sam's Plus Memberships.

2.     Defendant violated common law, MO. STAT. ANN. § 407.020.1, 15 CSR 60-8.040(1), 15 CSR 60-8.050(1), 15 CSR 60-8.060(1), 15 CSR 60-8.070(1) and/or 15 CSR 60-8.080 by unilaterally eliminating, without notice, the Sam's Business Membership after members

1

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

paid for it and/or by deceiving, fraudulently inducing and/or coercing Sam's Business

Membership customers into paying to upgrade to a Sam's Plus Membership.

3.      Herrmann sues individually and for all other similarly situated consumers.

Herrmann seeks actual damages and such other and further relief as the Court may deem

appropriate.

<u>Parties</u>

4.      Plaintiff Virginia Herrmann is a resident of St. Louis County, Missouri.

5.      Defendant Sam's East, Inc. d/b/a Sam's Club #6474 is a corporation organized

and existing under the laws of the State of Arkansas and doing business in St. Louis County,

Missouri.  Defendant does business in Missouri under numerous fictitious registrations,

including but not necessarily limited to Sam's Club #4741, Sam's Club #4875, Sam's Club

#4920, Sam's Club #4985, Sam's Club #6252, Sam's Club #6415, Sam's Club #6479, Sam's

Club #6505, Sam's Club #8125, Sam's Club #8163, Sam's Club #8182, Sam's Club #8205,

Sam's Club #8207, Sam's Club #8243, Sam's Club #8251, Sam's Club #8293 and Sam's Club

#8296.

6.      All allegations of acts and/or omissions by Defendant include, but are not limited

to, acts and omissions of Defendant's officers, directors, operators, managers, supervisors,

employees, affiliates, subsidiaries, vice-principals, partners, agents, servants and/or owners; and

that such acts and/or omissions were made with Defendant's express and/or implied authority, or

were ratified or otherwise approved by Defendants; or that such acts and/or omissions were made

in the routine normal course and scope of their agency and employment as Defendant's officers,

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

directors, operators, managers, supervisors, employees, affiliates, subsidiaries, vice-principals, partners, agents, servants and/or owners.

Jurisdiction and Venue

7.      This is a civil action in which Plaintiff and the classes seek over $25,000. Defendant Sam's East, Inc. d/b/a Sam's Club #6474 maintains its principal place of business in St. Louis County, Missouri.

8.      Venue is proper in under MO. STAT. ANN. § 508.010 because Herrmann is a resident of St. Louis County, Defendant may be found in St. Louis County, Missouri and the acts, transactions, omissions and/or injuries at issue first occurred in St. Louis County, Missouri.

General Allegations

9.      Sam's Club is an international chain of membership-only retail warehouse clubs owned and operated by Walmart Inc.  Founded in 1983, Sam's Club is named after Walmart founder Sam Walton.  It ranks second in sales volumes among warehouse clubs in the United States, grossing nearly $60 billion in sales in 2019.  As of January 31, 2020, Sam's Club operated 599 membership warehouse clubs throughout the United States in 44 states, Puerto Rico and the U.S. Virgin Islands.

10.      Until 2006, Sam's Club used the slogan "We Are In Business for Small Business," reflecting a focus on serving small businesses.  The slogan was retired as part of Sam's Club's effort to shift its marketing focus from small businesses to individual consumers.

11.      Sam's Club memberships are available to qualifying owners or operators of businesses or licensed professionals.  Members pay an annual fee.

3

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

12.     At the beginning of 2019, Sam's Club offered three different membership options: a Sam's Savings Membership for $45 per year, a similarly-priced Sam's Business Membership, which allowed members to shop before regular shopping hours, and a Sam's Plus Membership for $100 per year, which included free prescriptions, cash rewards and optical benefits.

13.     At the beginning of 2019, Herrmann had a Sam's Business Membership.  Her Sam's Business Membership renewed for an additional year on or about February 2, 2019.  In connection with her renewal, Herrmann paid an annual Sam's Business Membership fee for 2019 – 2020.  Her membership number was 10190130388140352.

14.     Herrmann routinely availed herself of the benefits of Sam's Business Membership, including the ability to shop as early as 7:00 a.m., before regular shopping hours. Herrmann relied on the availability of early shopping hours as a means to shop when the store was less crowded, allowing her to get in and out faster than she could during other times of the day.

15.     On or about July 5, 2019, Herrmann went to shop at Sam's Club #6474 in Maplewood, Missouri between 7:00 a.m. and 9:00 a.m., prior to regular shopping hours pursuant to the terms of her Sam's Business Membership.  She proceeded to checkout and was informed Sam's had unilaterally eliminated the Business Membership tier and that she could not check out prior to 9:00 a.m. unless she upgraded to a Sam's Plus Membership.  During a subsequent visit, the shopper before in line was told substantially the same.

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

16.     A Sam's customer service representative told Herrmann that Sam's was informing customers of the change in membership levels on a "case by case" basis as customers came into the store.

17.     On or about July 5, 2019, Sam's charged Herrmann $34.35 for an upgrade to a Sam's Plus Membership.  In paying said amount, Herrmann relied upon Sam's Club's false representation that paying to upgrade to Sam's Plus Membership was necessary in order to continue shopping before 9:00 a.m. going forward.

18.     At a subsequent visit to Sam's Club #6474 shortly thereafter, Herrmann noted the store greeters were no longer checking membership cards to confirm whether shoppers were eligible to shop before 9:00 a.m.  Herrmann was at that time informed by a Sam's Club #6474 employee that the store was open to all members at 7:00 a.m., regardless of membership level. Consequently, there was no need for Herrmann to have been charged for a Plus Membership in order to be able to shop before 9:00 a.m.

19.     Upon information and belief, at some point during 2019 Sam's Club eliminated the previous membership tiers and adopted a two-tier system consisting of Primary Membership and Plus Membership.  Upon information and belief, at some point during 2019 Sam's also eliminated its restriction on shopping hours, allowing all members to shop as early as 7:00 a.m. regardless of membership level.

<u>Class Allegations</u>

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

20.     Plaintiff brings her Petition individually and for classes designated under MO. R. CIV. P. 52.08(b)(3) to remedy the ongoing unfair, unlawful and/or deceptive business practices alleged and seeks redress for all persons harmed.

21.     The Class is comprised of all persons who were charged for an upgrade from a Sam's Business Membership to a Sam's Plus Membership between February 2, 2019 and February 2, 2020.

22.     The Missouri Class is comprised of all Missouri residents who were charged for an upgrade from a Sam's Business Membership to a Sam's Plus Membership between February 2, 2019 and February 1, 2020, as well as all non-Missouri residents who were charged for an upgrade from a Sam's Business Membership to a Sam's Plus Membership between February 2, 2019 and February 1, 2020 at a Sam's Club situated in the State of Missouri.

23.     Members of the class are so numerous their individual joinder is impracticable, insofar as Defendant does business through 599 locations nationwide, is the second largest warehouse club by sales volume in the United States and the class is comprised of all individuals who participated in the second tier of Defendant's three-tier membership program between February 2, 2019 and February 1, 2020 who were charged for an upgrade from a Sam's Business Membership to a Sam's Plus Membership between February 2, 2019 and February 1, 2020.  The classes are sufficiently numerous to make joinder impracticable, if not impossible.  The precise number of class members is unknown.

24.     There are questions of law and fact common to the classes, which questions predominate over any issues involving individual class members.

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

25.     The principal legal question common to Plaintiff and each Class member is whether Sam's Club's violated consumers' contractual and/or common law rights by unilaterally eliminating, without notice, the Sam's Business Membership after members paid for it and/or by deceiving, fraudulently inducing and/or coercing Sam's Business Membership members customers into paying to upgrade to a Sam's Plus Membership.

26.     The principal legal question common to Plaintiff and each Missouri Class member, in addition to that set forth in the foregoing paragraph, is whether Sam's Club's conduct violated MO. STAT. ANN. § 407.020.1, 15 CSR 60-8.040(1), 15 CSR 60-8.050(1), 15 CSR 60-8.060(1), 15 CSR 60-8.070(1) and/or 15 CSR 60-8.080.

27.     Plaintiff's claims are typical of the claims of the Class and Missouri Class members.

28.     Plaintiff's and the classes' claims are based on the same factual and legal theories.

29.     Plaintiff's and the class members' rights derive from common law and, in the case of the Missouri Class, Missouri's Merchandising Practices Act and implementing regulations.

30.     Upon information and belief, Sam's Club membership status changes for all Class Members were substantively identical to that of Plaintiff.

31.     Plaintiff and each of the class members were damaged and may recover actual damages, including but not limited to the amount charged by Sam's Club for Sam's Business members to upgrade to Sam's Plus Membership status.

32.     Plaintiff will fairly and adequately represent and protect the interest of the classes.

33.     The class members and Plaintiff have no antagonistic interests.

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

34.     Plaintiff's counsel is competent and experienced in consumer and class litigation.

35.     Plaintiff and all class members have an interest in determining their rights in the circumstances.

36.     The questions of law or fact common to the classes predominate over questions affecting only individual members.

37.     Plaintiff and each class member will rely on the same basic evidence, specifically the date and amount of their last Sam's Business Membership renewal, the date and amount they were charged for a Sam's Plus Membership and any communications with Sam's Club regarding their change in membership status.

38.     Determining the legal basis, or lack thereof, for the charges assessed by Sam's Club for a change in membership status from Sam's Business Membership to Sam's Plus Membership resolves all class members' claims because all members of the class and/or Missouri Class were charged for such a change in membership.

39.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40.     Most class members are probably unaware Defendant violated their rights and the law.

41.     If each of the class members were forced to bring an individualized suit, such suits would burden judicial resources and would create the risk of multiple inconsistent results for similarly situated parties.

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

42.     Concentrating the litigation of Plaintiff's and the class members' claims is also desirable and logical given the predominance of common questions of law and fact alleged above.

43.     The classes should be certified under Rule 52.08(b)(3) as the superior method for the fair and efficient adjudication of this controversy.

<u>Count I – Breach of Contract</u>

44.     The allegations set forth in paragraphs 1 – 43 are incorporated by this reference as if fully set forth herein.

45.     Herrmann and Sam's Club had a contract in the form of Herrmann's Sam's Business Membership and the rights and expectancies arising out of same, including but not limited to the ability to shop before 9:00 a.m. with the benefit of not having members who were not also Sam's Business members shopping at the same time.

46.     Sam's Club breached its contract with Herrmann by unilaterally terminating the Sam's Business Membership without notice to Herrmann and by withdrawing the benefits said membership conferred, including but not limited to the ability to shop before 9:00 a.m. with the benefit of not having members who were not also Sam's Business members shopping at the same time.

47.     As a result of Sam's Club's breach of contract, Herrmann was damaged.

WHEREFORE, plaintiff Virginia Herrmann prays this Court enter judgment for Plaintiff and against Defendant awarding actual damages, prejudgment and post-judgment interest and such other and further relief as the Court deems just and proper.

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

<u>Count II – Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

48.     The allegations set forth in paragraphs 1 – 43 are incorporated by this reference as if fully set forth herein.

49.      Herrmann and Sam's Club had a contract in the form of Herrmann's Sam's Business Membership and the rights and expectancies arising out of same, including but not limited to the ability to shop before 9:00 a.m. with the benefit of not having members who were not also Sam's Business members shopping at the same time.

50.     Sam's Club unilaterally terminated the Sam's Business Membership without notice to Herrmann and by withdrawing the benefits said membership conferred, including but not limited to the ability to shop before 9:00 a.m. with the benefit of not having members who were not also Sam's Business members shopping at the same time.

51.     In so doing, Sam's Club exercised a judgment conferred by the express terms of its contract with Herrmann in such a manner as to evade the spirit of the transaction and/or to deny Herrmann of the expected benefit of the contract.

52.     As a result of Sam's Club's breach of the implied covenant of good faith and fair dealing, Herrmann was damaged.

WHEREFORE, plaintiff Virginia Herrmann prays this Court enter judgment for Plaintiff and against Defendant awarding actual damages, prejudgment and post-judgment interest, punitive damages and such other and further relief as the Court deems just and proper.

<u>Count III – Fraudulent Misrepresentation</u>

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

53.     The allegations set forth in paragraphs 1 – 43 are incorporated by this reference as if fully set forth herein.

54.     Sam's Club, through the cashier, customer service representative and/or agents and employees at Sam's Club #6474, represented to Herrmann that in order to continue shopping and/or checking out before 9:00 a.m., she would need to pay to upgrade to a Sam's Plus Membership.

55.     The representation that Herrmann would need to pay to upgrade to Sam's Plus Membership in order to continue shopping and/or checking out before 9:00 a.m. was false when made.

56.     The representation that Herrmann would need to pay to upgrade to Sam's Plus Membership in order to continue shopping and/or checking out before 9:00 a.m. was material.

57.     Sam's Club's employees and/or agents knew the representation that Herrmann would need to pay to upgrade to Sam's Plus Membership in order to continue shopping and/or checking out before 9:00 a.m. was false when made or, in the alternative, were ignorant of its truth.

58.     Sam's Club's employees and/or agents intended that their representation be acted upon by Herrmann in the manner reasonably contemplated.

59.     Herrmann was unaware of the falsity of Sam's Club's representation, and in fact actually, and incorrectly, believed that neither she nor any other Sam's Club member would in the future be allowed to shop and/or check out before 9:00 a.m. without having a Sam's Plus Membership.

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

60.     Herrmann relied upon the truth of Sam's Club's representation and had the right to do so.

61.     Sam's Club's fraudulent misrepresentation proximately caused Herrmann damage.

WHEREFORE, plaintiff Virginia Herrmann prays this Court enter judgment for Plaintiff and against Defendant awarding actual damages, prejudgment and post-judgment interest, punitive damages and such other and further relief as the Court deems just and proper.

<u>Count IV – Fraudulent Inducement</u>

62.     The allegations set forth in paragraphs 1 – 43 are incorporated by this reference as if fully set forth herein.

63.     Sam's Club, through the cashier, customer service representative and/or agents and employees at Sam's Club #6474, represented to Herrmann that in order to continue shopping and/or checking out before 9:00 a.m., she would need to pay to upgrade to a Sam's Plus Membership.

64.     The representation that Herrmann would need to pay to upgrade to Sam's Plus Membership in order to continue shopping and/or checking out before 9:00 a.m. was false.

65.     The representation that Herrmann would need to pay to upgrade to Sam's Plus Membership in order to continue shopping and/or checking out before 9:00 a.m. was material.

66.     Sam's Club's employees and/or agents knew the representation that Herrmann would need to pay to upgrade to Sam's Plus Membership in order to continue shopping and/or

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

checking out before 9:00 a.m. was false or, in the alternative, were ignorant of its truth and/or should have known of its falsity.

67.     Sam's Club's employees and/or agents intended that their representation be acted upon by Herrmann.

68.     Herrmann was unaware of the falsity of Sam's Club's representation, and in fact actually, and incorrectly, believed that neither she nor any other Sam's Club member would in the future be allowed to shop and/or check out before 9:00 a.m. without having a Sam's Plus Membership.

69.     Herrmann relied upon the truth of Sam's Club's representation and had the right to do so.

70.     Sam's Club's fraudulent inducement proximately caused Herrmann damage.

WHEREFORE, plaintiff Virginia Herrmann prays this Court enter judgment for Plaintiff and against Defendant awarding actual damages, prejudgment and post-judgment interest, punitive damages and such other and further relief as the Court deems just and proper.

<u>Count V – Negligent Misrepresentation</u>

71.     The allegations set forth in paragraphs 1 – 43 are incorporated by this reference as if fully set forth herein.

72.     Sam's Club, through the cashier, customer service representative and/or agents and employees at Sam's Club #6474, acting in Sam's Club's pecuniary interest of collecting the Sam's Plus Membership fee, represented to Herrmann that in order to continue shopping and/or checking out before 9:00 a.m., she would need to pay to upgrade to a Sam's Plus Membership.

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

73.     Due to Sam's Club's agents' and/or employees' failure to exercise reasonable care or competence in obtaining and/or communicating the information in the foregoing paragraph, said information was false.

74.     Sam's Club, through its agents and/or employees, intentionally provided the information set forth in paragraph 72 for the guidance of a limited group of persons in a particular business transaction, namely Sam's Business members who Sam's Club was attempting to induce to upgrade to Sam's Plus Membership.

75.     Herrmann justifiably relied on Sam's Club's representations.

76.     As a result of her reliance on Sam's Club's representations, Herrmann suffered pecuniary loss.

WHEREFORE, plaintiff Virginia Herrmann prays this Court enter judgment for Plaintiff and against Defendant awarding actual damages, prejudgment and post-judgment interest and such other and further relief as the Court deems just and proper.

### Count VI – Missouri Merchandising Practices Act

77.     The allegations set forth in paragraphs 1 – 76 are incorporated by this reference as if fully set forth herein.

78.     Herrmann purchased a Sam's Business Membership for 2019 – 2020.  On or about July 5, 2019, Sam's Club terminated her Sam's Business Membership and charged her for a Sam's Plus Membership.

79.     Herrmann maintained her Sam's Business Membership for personal, family or household purposes.

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

80.     Herrmann suffered ascertainable loss of money in connection with the transactions at issue.

81.     Herrmann's loss was the result of an unlawful act committed before, during and/or after a sale or advertisement that was unlawful.

82.     Sam's Club's actions were unlawful under MO. STAT. ANN. § 407.020.1, 15 CSR 60-8.040(1), 15 CSR 60-8.050(1), 15 CSR 60-8.060(1), 15 CSR 60-8.070(1) and/or 15 CSR 60-8.080.

WHEREFORE, plaintiff Virginia Herrmann prays this Court enter judgment for Plaintiff and against Defendant awarding actual damages, prejudgment and post-judgment interest, a preliminary and permanent injunction enjoining Defendant from engaging in practices alleged, Plaintiff's reasonable attorneys' fees, punitive damages and such other and further relief as the Court deems just and proper.

## Count VII – Class's Claim

83.     The allegations set forth in paragraphs 1 – 76 are incorporated by this reference as if fully set forth herein.

84.     Sam's Club violated the common law rights of the class members by unilaterally terminating the Sam's Business Membership without notice and by withdrawing the benefits said membership conferred, including but not limited to the ability to shop before 9:00 a.m. with the benefit of not having members who were not also Sam's Business members shopping at the same time.

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

85.     Sam's Club further violated the common law rights of the class members by inducing and/or charging them for Sam's Plus Memberships based on false pretenses, as set forth hereinabove and incorporated by this reference.

86.     As a direct and proximate result of Sam's Club's acts and/or omissions, Herrmann and the Class suffered actual damages in an amount exceeding $25,000.

87.     Defendant's actions were wanton, outrageous and/or malicious because of its reckless indifference to or conscious disregard of the rights of Plaintiff and the Class.

WHEREFORE, plaintiff Virginia Herrmann prays this Court certify the Class and enter judgment for Plaintiff and the Class and against Defendant awarding actual damages, prejudgment and post-judgment interest, a preliminary and permanent injunction enjoining Defendant from engaging in practices alleged, a mandatory injunction compelling Defendant to return to Plaintiff and the Class any money collected from Sam's Business members for Sam's Plus Memberships between February 2, 2019 and February 1, 2020, punitive damages and such other and further relief as the Court deems just and proper.

<u>Count VIII – Missouri Class's Claim</u>

88.     The allegations set forth in paragraphs 1 – 82 are incorporated by this reference as if fully set forth herein.

89.     Sam's Club violated the common law rights of the Missouri Class members and the Missouri Merchandising Practices Act by unilaterally terminating the Sam's Business Membership without notice and by withdrawing the benefits said membership conferred,

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

including but not limited to the ability to shop before 9:00 a.m. with the benefit of not having members who were not also Sam's Business members shopping at the same time.

90.      Sam's Club further violated the common law rights of the Missouri Class members and the Missouri Merchandising Practices Act by inducing and/or charging them for Sam's Plus Memberships based on false pretenses, as set forth hereinabove and incorporated by this reference.

91.      As a direct and proximate result of Sam's Club's acts and/or omissions, Herrmann and the Missouri Class suffered actual damages in an amount exceeding $25,000.

92.      Plaintiff and the Missouri Class are entitled to attorneys' fees pursuant to MO. STAT. ANN. § 407.020.1.

93.       Defendant's actions were wanton, outrageous and/or malicious because of its reckless indifference to or conscious disregard of the consumer rights of Plaintiff and the Missouri Class.  Plaintiff and the Missouri Class are therefore entitled to punitive damages pursuant to MO. STAT. ANN. § 407.020.1.

WHEREFORE, plaintiff Virginia Herrmann prays this Court certify the Missouri Class and enter judgment for Plaintiff and the Missouri Class and against Defendant awarding actual damages, prejudgment and post-judgment interest, a preliminary and permanent injunction enjoining Defendant from engaging in practices alleged, a mandatory injunction compelling Defendant to return to Plaintiff and the Missouri Class any money collected from Sam's Business members for Sam's Plus Memberships between February 2, 2019 and February 1,

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

2020, Plaintiff and the Missouri Class's reasonable attorneys' fees, punitive damages and such other and further relief as the Court deems just and proper.

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

Respectfully submitted,

ONDERLAW LLC


By:_____/s/ W. Wylie Blair_____
    James G. Onder, # 38049
    onder@onderlaw.com
    W. Wylie Blair, # 58196
    blair@onderlaw.com
    Martin L. Daesch # 40494
    daesch@onderlaw.com
    Lawanna S. Wichmann, # 53999
    wichmann@onderlaw.com
    190 East Lockwood
    St. Louis, MO  63119
    Telephone:  (314) 963-9000
    Facsimile:  (314) 963-1700

*Attorneys for Plaintiff*

**20SL-CC02098**

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

**In the**

# CIRCUIT COURT
**Of St. Louis County, Missouri**

For File Stamp Only

 Virginia Herrmann
Plaintiff/Petitioner

 April 20, 2020
Date

vs.

 SAM'S EAST, INC. d/b/a SAM'S CLUB #6474,
Defendant/Respondent

Case Number

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff , pursuant
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

 John Houseman -Captured Investigative Agency, 8235 Forsyth Blvd,Ste., St. Louis, MO   314-392-3205
Name of Process Server⠀⠀⠀⠀⠀⠀⠀⠀⠀Address⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Telephone

 Dave Condor - Captured Investigative Agency, 8235 Forsyth Blvd.,Ste 282., St. Louis, MO   314-392-3205
Name of Process Server⠀⠀⠀⠀⠀⠀⠀⠀⠀Address or in the Alternative⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Telephone

Name of Process Server⠀⠀⠀⠀⠀⠀⠀⠀⠀Address or in the Alternative⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:

 SAM'S EAST, INC. d/b/a SAM'S CLUB #6474
Name                                            Name

 CT Corporation System, 120 S. Central Ave.
Address                                         Address

 Clayton, Missouri 63105
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By **/s/Laura Scotece**
⠀⠀⠀Deputy Clerk
⠀⠀⠀⠀⠀04/24/2020

Date

 /s/ W. Wylie Blair
Signature of Attorney/Plaintiff/Petitioner

Bar No.
 58196
Address
 (314) 963-9000⠀⠀⠀⠀⠀(314) 963-1700
Phone No.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Fax No.

CCADM62-WS   Rev. 07/19

Electronically Filed - St Louis County - April 20, 2020 - 08:48 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  20SL-CC02098 |
| Plaintiff/Petitioner:<br>VIRGINIA HERRMANN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM WYLIE BLAIR<br>110 East Lockwood, 2nd Floor<br>ST LOUIS, MO  63119 |
| Defendant/Respondent:<br>SAM'S EAST, INC. D/B/A SAM'S CLUB #6474 | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Breach of Contract | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  SAM'S EAST, INC. D/B/A SAM'S CLUB #6474
Alias:
SERVE: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>24-APR-2020</u>
Date

_____
Clerk

Further Information:
LES

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                              Date                                    Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $      10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - May 15, 2020 - 01:58 PM

**IN THE 22nd JUDICIAL CIRCUIT, CITY OF ST. LOUIS, MISSOURI**
**22nd JUDICIAL CIRCUIT**

VIRGINIA HERRMANN

        Plaintiff

    v.

SAMS EAST INC DBA SAMS CLUB #6474

        Defendant

Case No.:20SL-CC02098

## AFFIDAVIT OF PERSONAL SERVICE

That I, John G Houseman hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served,

That on 5/1/2020 at 12:21 PM at 120 S Central Ave Ste 400, Clayton, MO 63105-1705 I served SAMS EAST INC DBA SAMS CLUB #6474 C/O REGISTERED AGENT CT CORP with the following list of documents: SUMMONSPETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with SAMS EAST INC DBA SAMS CLUB #6474 C/O REGISTERED AGENT CT CORP.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is  $ 65.00

MEGAN JUST
Notary Public
Commission # 16942978
St. Louis County
Notary Seal
STATE OF MISSOURI
My Commission Expires 08-09-2020

John G Houseman
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

5/4/2020

Executed On:



Order #:16915
VIRGINIA HERRMANN

Electronically Filed - St Louis County - May 15, 2020 - 01:58 PM

IN THE 22nd JUDICIAL CIRCUIT, CITY OF ST. LOUIS, MISSOURI
22nd JUDICIAL CIRCUIT

VIRGINIA HERRMANN

               Plaintiff

        v.

SAMS EAST INC DBA SAMS CLUB #6474

               Defendant

Case No.:20SL-CC02098

## AFFIDAVIT OF PERSONAL SERVICE

That I, John G Houseman hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served,

That on 5/1/2020 at 12:21 PM at 120 S Central Ave Ste 400, Clayton, MO 63105-1705 I served SAMS EAST INC DBA SAMS CLUB #6474 C/O REGISTERED AGENT CT CORP with the following list of documents: SUMMONSPETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with SAMS EAST INC DBA SAMS CLUB #6474 C/O REGISTERED AGENT CT CORP.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is  $ 65.00

John G Houseman
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

5/4/2020

Executed On:

Order #:16915
VIRGINIA HERRMANN