UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGINIA HERRMANN, | ) | |
| *individually and on behalf of all others* | ) | |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:20-cv-00706 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SAM'S EAST, INC. d/b/a SAM'S CLUB | ) | |
| #6474 | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S
<u>COMPLAINT FOR FAILURE TO STATE A CLAIM</u>**

# TABLE OF CONTENTS

**Page**

BACKGROUND ................................................................................................................ 2

I.      ALLEGATIONS IN THE PETITION............................................................................ 2

II.     THE PARTIES' AGREEMENT...................................................................................... 3

ARGUMENT ..................................................................................................................... 5

I.      THE COURT SHOULD REFER PLAINTIFF'S CLAIMS TO ARBITRATION. ........... 5

II.     IN THE ALTERNATIVE, THE COURT SHOULD DISMISS PLAINTIFF'S
        PETITION FOR FAILURE TO STATE A CLAIM. ........................................................ 7

        A.      Plaintiff's Contract Claims Fail for Several Reasons. ........................................ 7

                1.      Plaintiff Fails to Allege Breach of Contract Because Her 2019
                        Membership Did Not Allow Early Shopping. ............................................ 7

                2.      Even if Plaintiff Had Been Afforded Early Shopping Access,
                        Revoking that Access Would Not Have Breached Her Membership
                        Agreement, Which Allowed Such Benefit Changes................................... 9

                3.      Breach of the Duty of Good Faith Is Not a Cause of Action Separate
                        from the Breach of Contract Claim............................................................ 10

        B.      Plaintiff's Tort and Statutory Claims Fail for Several Reasons............................ 10

                1.      The Economic Loss Doctrine Bars Plaintiff's Tort Claims...................... 10

                2.      The Petition Fails to State a Claim for Fraudulent or Negligent
                        Misrepresentation or Fraudulent Inducement. .......................................... 11

                3.      Plaintiff Fails to State a Claim for Violation of the MMPA because
                        the Petition Fails to Allege an Unfair Practice.......................................... 14

III.    PLAINTIFF'S REQUEST FOR DAMAGES NOT ALLOWED BY HER
        MEMBERSHIP AGREEMENT SHOULD BE STRICKEN. .......................................... 14

IV.     THIS COURT LACKS JURISDICTION OVER OUT-OF-STATE PUTATIVE
        CLASS MEMBERS' CLAIMS AGAINST SAM'S CLUB............................................ 15

CONCLUSION.................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Alpha Portland Indus., Inc.*,
  836 F.2d 1512 (8th Cir. 1988) ....................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................... 4, 13

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ................................................................. 3

*AT&T Techs., Inc., v. Comm'n Workers of Am.*,
  475 U.S. 643 (1986) ................................................................. 3

*Bank One N.A. v. Coates*,
  125 F. Supp. 2d 819 (S.D. Miss. 2001) .............................................. 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................. 4, 12

*Beneficial Nat'l Bank v. Payton*,
  214 F. Supp. 2d 679 (S.D. Miss. 2001) ............................................ 6, 7

*Berkley v. Dillards Inc.*,
  450 F.3d 775 (8th Cir. 2006) .................................................... 6, 7

*Bristol-Meyers Squibb Co. v. Super. Ct. of Cal.*,
  137 S.Ct. 1773 (2017) ............................................................. 15

*Brown v. Intelius, Inc.*,
  2012 WL 5878230 (E.D. Mo. Nov. 21, 2012) ........................................... 4

*Bruce Martin Constr., Inc. v. CTB, Inc.*,
  735 F.3d 750 (8th Cir. 2013) ..................................................... 11

*Captiva Lake Invs., LLC v. Ameristructure, Inc.*,
  436 S.W.3d 619 (Mo. App. 2014) ................................................... 10

*Comprehensive Care Corp. v. RehabCare Corp.*,
  98 F.3d 1063 (8th Cir. 1996) ..................................................... 10

*Cook v. Gen. Nutrition Corp.*,
2017 WL 4340664 (W.D. Pa. Sept. 29, 2017) ........................................................... 10

*In re Dicamba Herbicides Litig.*,
359 F. Supp. 3d 711 (E.D. Mo. 2019) .......................................................... 15

*Enter. Rent-a-Car Co. v. U-Haul Int'l, Inc.*,
327 F. Supp .2d 1032 (E.D. Mo. 2004) ........................................................ 12

*Freitas v. Wells Fargo Home Mortg., Inc.*,
703 F.3d 436 (8th Cir. 2013) ..................................................................... 4

*Glass v. Mancuso*,
444 S.W.2d 467 (Mo. 1969) ...................................................................... 10

*Gorog v. Best Buy Co.*,
760 F.3d 787 (8th Cir. 2014) .................................................................... 4

*Green Tree Fin. Corp.-Ala. v. Randolph*,
531 U.S. 79 (2000) ................................................................................... 4

*Haines v. St. Charles Speedway, Inc.*,
874 F.2d 572 (8th Cir. 1989) .................................................................... 15

*Hammarquist v. United Cont'l Holdings, Inc.*,
809 F.3d 946 (7th Cir. 2016) .................................................................... 9

*Harmon v. Wells Fargo, N.A.*,
2015 WL 13752627 (W.D. Ark. Dec. 30, 2015) ....................................... 10

*Hill v. Lincoln Property Co.*,
2011 WL 65929 (E.D. Mo. Jan. 10, 2011) ................................................ 15

*ITT Commerical Fin. Corp. v. Mid-Am. Marine Supply Corp.*,
854 S.W.2d 371 (Mo. 1993) ..................................................................... 11

*Johnsen v. Honeywell Int'l Inc.*,
2015 WL 631361 (E.D. Mo. Feb. 12, 2015) ............................................. 11

*Kamilowicz v. Hartford Fin. Servs. Grp., Inc.*,
494 Fed. Appx. 153 (2d Cir. 2012) ........................................................... 9

*Keveny v. Mo. Military Acad.*,
304 S.W.3d 98 (Mo. 2010) ....................................................................... 8

*Kuhns v. Scottrade, Inc.*,
868 F.3d 711 (8th Cir. 2017) ...................................................................... 14

*Lagen v. United Cont'l Holdings, Inc.*,
774 F.3d 1124 (7th Cir. 2015) ...................................................................... 9

*Meridian Creative Alliance, LLC v. O'Reilly Auto. Stores, Inc.*,
519 S.W.3d 839 (Mo. App. 2017) ............................................................... 10

*Miller v. Redwood Toxicology Lab, Inc.*,
688 F.3d 928 (8th Cir. 2012) ........................................................................ 4

*OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Research*,
851 F.3d 800 (8th Cir. 2017) ...................................................................... 12

*OS33 v. CenturyLink Commc'ns, LLC*,
350 F. Supp. 3d 807 (E.D. Mo. 2018) ....................................................... 11

*Powers v. Shore*,
248 S.W.2d 1 (Mo. 1952) ........................................................................... 11

*Rabalais v. Barnett*,
683 S.W.2d 919 (Ark. 1985) ......................................................................... 8

*Saey v. Xerox Corp.*,
31 F. Supp. 2d 692 (E.D. Mo. 1998) .......................................................... 15

*Silver v. H&R Block, Inc.*,
105 F.3d 394 (8th Cir. 1997) ........................................................................ 4

*Solis v. AT&T Mobility LLC*,
2015 WL 6739141 (E.D. Mo. Nov. 3, 2015) ................................................ 7

*Topchian v. JPMorgan Chase Bank, N.A.*,
760 F.3d 843 (8th Cir. 2014) ......................................................... 11, 13, 14

*Trotter's Corp. v. Ringleader Restaurants, Inc.*,
929 S.W.2d 935 (Mo. App. 1996) ......................................................... 11, 13

*In re Unisys Corp. Retiree Med. Ben. ERISA Litig.*,
58 F.3d 896 (3d Cir. 1995) ........................................................................... 9

*Wilbur Waggoner Equip. & Excavating Co. v. Clark Equip. Co.*,
668 S.W.2d 601 (Mo. App. 1984) .............................................................. 10

*Winfrey v. Bridgestone/Firestone, Inc.*,
    205 F.3d 1349, 1999 WL 1295310 (8th Cir. 1999) (unpublished)............................ 6, 7

*Zean v. Fairview Health Servs.*,
    858 F.3d 520 (8th Cir. 2017) ......................................................................... 4

**Statutes**

Mo. Rev. Stat. § 407.020(1) ................................................................................ 14

**Rules**

Fed. R. Civ. P. 9(b) ........................................................................................... 4, 13

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 4, 13

Fed. R. Evid. 201 ............................................................................................... 12

The Court should grant Defendant Sam's East, Inc.'s ("Sam's Club") Motion to Compel Arbitration or, in the Alternative, to Dismiss Plaintiff's Complaint for Failure to State a Claim.  All claims alleged in the Petition are subject to arbitration, pursuant to the plain language of Plaintiff Virginia Herrmann's Membership Agreement, and the Court should refer them to arbitration and stay or dismiss the Petition.

In the alternative, if the Court finds the claims are not arbitrable, the Court should dismiss Plaintiff's Petition in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  Plaintiff's breach of contract claims fail because Sam's Club's alleged conduct—even if true—would not have breached Plaintiff's membership agreement.   First, Plaintiff's Sam's Club membership did not entitle her to early shopping privileges; thus, Sam's Club's alleged "termination" of those privileges could not have breached her membership agreement. Second, even if Plaintiff's membership agreement had granted her early shopping privileges, the agreement expressly permitted Sam's Club to amend membership benefits at any time.  Either way, Plaintiff's breach of contract claims fail.  Plaintiff's tort claims, which arise from the same alleged contractual expectations, also fail because they are barred by the economic loss doctrine.  And even if they were not, the tort and statutory claims fail to state a claim.  For these and the additional reasons set forth below, the case should be referred to arbitration or dismissed in its entirety.

## BACKGROUND

### I.    ALLEGATIONS IN THE PETITION

Plaintiff alleges that at the beginning of 2019, Sam's Club offered three membership tiers:  a $45 Sam's Savings Membership; a $45 Business Membership, which allowed members to shop before regular shopping hours; and a $100 Sam's Plus Membership, which offered additional benefits.  Pet. ¶ 12.  Plaintiff alleges that at the beginning of 2019 she had a Sam's Business Membership that renewed for an additional year on or about February 2, 2019.  *Id*. ¶ 13.  Plaintiff alleges that she paid $45 for her 2019-2020 membership.  *Id*. ¶¶ 12-13.  According to the Petition, Plaintiff went shopping at a Sam's Club in Maplewood, Missouri on July 5, 2019 before regular shopping hours, but was told at checkout that her membership did not permit early shopping and that she could not check out prior to 9:00 a.m. unless she upgraded to a Sam's Plus Membership. *Id*. ¶ 15.   Plaintiff alleges that she upgraded to a Sam's Plus Membership for an additional charge of $34.35.  *Id*. ¶ 15.  Plaintiff further alleges that she was told by a Sam's Club employee during a subsequent visit that the store was open to all members for early shopping hours, regardless of membership level.  *Id*. ¶ 18.

Plaintiff purports to assert the following causes of action: breach of contract (Count I); breach of the implied covenant of good faith and fair dealing (Count II); fraudulent misrepresentation (Count III); fraudulent inducement (Count IV); negligent misrepresentation (Count V); and violation of the Missouri Merchandising Practices Act (MMPA) (Count VI).  Plaintiff also purports to assert putative class claims (Counts VII and VIII).

## II.     THE PARTIES' AGREEMENT

Plaintiff did not attach contract documents to her Petition.  Thus, documents reflecting the terms of Plaintiff's Sam's Club membership agreement are attached as Exhibits A-E to the Declaration of Jeffrey Wadlin ("Decl.").  They include:  (1) the receipt for Plaintiff's 2019 Sam's Club membership (Exhibit A); (2) a membership brochure summarizing the benefits of Plaintiff's 2019 Sam's Club membership (Exhibit B); (3) the Terms and Conditions governing Plaintiff's 2019 Sam's Club membership (Exhibit C); (4) a notice sent to Plaintiff advising her of updated Terms and Conditions taking effect February 1, 2020 (Exhibit D); and (5) the Terms and Conditions of Plaintiff's membership that took effect on February 1, 2020 (Exhibit E).  Relevant terms of the agreement are discussed in the Argument section below.

## <u>LEGAL STANDARDS</u>

The Federal Arbitration Act ("FAA") reflects a strong federal policy favoring arbitration.  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).  Section 2 creates a "presumption of arbitrabilty" and requires that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *See AT&T Techs., Inc., v. Comm'n Workers of Am.*, 475 U.S. 643, 650 (1986).  "[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  *Id.* "In line with these principles, courts must place arbitration agreements on equal footing with other contracts and enforce them according to their terms."  *Concepcion*, 563 U.S. at 339 (internal citations omitted).  The party resisting arbitration

bears the burden of showing the arbitration provision is invalid or does not encompass the claims at issue.  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

                   *                     *                    *

To survive a motion to dismiss under Rule 12(b)(6), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences."  *Silver v. H&R Block, Inc*., 105 F.3d 394, 397 (8th Cir. 1997).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Fraud claims are subject to the heightened pleading standard of Rule 9(b).  *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438-39 (8th Cir. 2013).

The Court may consider on a motion to dismiss, in addition to the pleadings, "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record . . . without converting the motion into one for summary judgment."  *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quotations omitted).  As the Eighth Circuit has explained:

> In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss.  This is true even if contract documents not attached to the complaint refute a breach-of-contract claim, or a claim that defendant breached a statutory or common law duty.

*Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citations omitted); *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (similar); *Brown v. Intelius,*

*Inc.*, 2012 WL 5878230, at *2 n.3 (E.D. Mo. Nov. 21, 2012) (considering Terms and Conditions "because they govern the contract that [the parties] entered into").

<u>**ARGUMENT**</u>

**I.     THE     COURT     SHOULD     REFER     PLAINTIFF'S     CLAIMS     TO ARBITRATION.**

In February 2019, when Plaintiff purchased her Sam's Club membership, the Terms and Conditions of her membership agreement stated:  "All Sam's Club rules, including these Membership Terms and Conditions, may be amended from time to time without notice."  Decl. Ex. C at 7.  Although notice was not required, in January 2020 Sam's Club notified Plaintiff that the Terms and Conditions were being updated and would "include a class-action waiver and mandatory arbitration provision," and that "[b]y continuing your Sam's Club membership beyond February 1, 2020, you agree to be bound by the updated Terms."  Decl. Ex. D at 21; Decl. ¶ 6 (stating that the mailer was sent to Plaintiff in January 2020).  The updated Terms and Conditions also stated:

> For Sam's Club Members, these Terms also govern your Membership with Sam's Club as further set forth in the Membership section below ("Membership Terms").  *By entering and maintaining your Sam's Club Membership*, *you agree to be bound by these Terms*, including the Membership Terms and the terms and conditions related to related Sam's Club policies and programs cross-referenced in the Additional Terms section below.

Decl. Ex. E at 2 (emphasis added).  Plaintiff maintained her membership beyond February 1, 2020, after being notified that doing so would constitute acceptance of the updated Terms and Conditions.  Thus, her claims are governed by the February 1, 2020 Terms and Conditions.

The February 1, 2020 Terms and Conditions include the following provision under the heading "Class Action Waiver and Agreement to Arbitrate":

> ... ALL DISPUTES ARISING OUT OF OR RELATED TO THESE TERMS OF USE OR ANY ASPECT OF THE RELATIONSHIP BETWEEN YOU AND SAM'S CLUB, WHETHER BASED IN CONTRACT, TORT, STATUTE, FRAUD, MISREPRESENTATION, OR ANY OTHER LEGAL THEORY, WILL BE RESOLVED THROUGH FINAL AND BINDING ARBITRATION BEFORE A NEUTRAL ARBITRATOR INSTEAD OF IN A COURT BY A JUDGE OR JURY, AND YOU AGREE THAT SAM'S CLUB AND YOU ARE EACH WAIVING THE RIGHT TO SUE IN COURT AND TO HAVE A TRIAL BY A JURY. YOU AGREE THAT ANY ARBITRATION WILL TAKE PLACE ON AN INDIVIDUAL BASIS; CLASS ARBITRATIONS AND CLASS ACTIONS ARE NOT PERMITTED AND YOU ARE AGREEING TO GIVE UP THE ABILITY TO PARTICIPATE IN A CLASS ACTION.

Decl. Ex. E at 11.  Because Plaintiff's claims arise out of or are related to the relationship between herself and Sam's Club, they may be asserted only in arbitration.

Courts have repeatedly held that parties are deemed to have agreed to a new arbitration provision added to an existing contract where they failed to terminate following notification of the amendment.  *See, e.g.*, *Berkley v. Dillards Inc*., 450 F.3d 775, 778 (8th Cir. 2006) ("By continuing her employment, [plaintiff] accepted the terms of the arbitration program."); *see also Winfrey v. Bridgestone/Firestone, Inc.*, 205 F.3d 1349, 1999 WL 1295310, at *2 (8th Cir. 1999) (unpublished) (similar); *Beneficial Nat'l Bank v. Payton*, 214 F. Supp. 2d 679, 686-88 (S.D. Miss. 2001) (where terms and conditions stated that bank reserved right to amend the terms, cardholder was bound by arbitration provision subsequently added when the cardholder did not notify bank of his rejection of the amendment); *Bank One N.A. v. Coates*, 125 F. Supp. 2d 819, 831-34

(S.D. Miss. 2001) (similar; collecting cases). Here, the 2019 Terms and Conditions expressly provided that Sam's Club could amend its terms, and Plaintiff was advised that the arbitration provision would apply to those who maintained their membership after February 1, 2020, which Plaintiff did.[1]  In light of the federal policy favoring arbitration, the Court should refer Plaintiff's claims to arbitration and stay or dismiss the Petition.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD DISMISS PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM.

In the alternative, the Court should dismiss Plaintiff's Petition because the allegations fail to state a claim upon which relief can be granted.

### A.    Plaintiff's Contract Claims Fail for Several Reasons.

#### 1.    Plaintiff Fails to Allege Breach of Contract Because Her 2019 Membership Did Not Allow Early Shopping.

Plaintiff's contract claims fail at the gate because her 2019 membership agreement did not grant her early shopping privileges and, thus, the alleged termination of those privileges could not have breached the agreement.  Plaintiff alleges that she renewed her Sam's Club "Business Membership" in February 2019, which allowed her to shop "as early as 7:00 a.m." while the store was less crowded.  Pet. ¶¶ 13-14.  She further alleges that Sam's Club's "unilateral[] terminat[ion]" of her Business membership "at some point during 2019" eliminated her early shopping rights, which she alleges constitutes a breach of contract.  *Id.* ¶¶ 19, 45-46.  But in reality, Plaintiff's 2019 membership was not a

---

[1] This broad arbitration provision applies to Plaintiff's claims even though her claims accrued prior to its effective date.  *See Berkley*, 450 F.3d at 777-78; *Winfrey*, 1999 WL 1295310 at *2; *Solis v. AT&T Mobility LLC*, 2015 WL 6739141, at *3 (E.D. Mo. Nov. 3, 2015); *Beneficial Nat. Bank*, 214 F. Supp. 2d at 688-690.

Business Membership—because no such membership tier existed in 2019—and Plaintiff had no contractual right to early shopping privileges at any point in 2019.

While Sam's Club previously offered a "Business Membership," this tier was eliminated in February 2018 when Sam's Club simplified its membership structure to a two-tier system of "Club" ($45) and "Plus" ($100) memberships. *See* Decl. Ex. B (membership brochure comparing benefits available to Club and Plus members, and noting it was revised February 2018). Under the new membership structure, Plus members had access to early shopping hours—beginning at 7:00 a.m. Monday through Saturday, though hours varied by location—but Club members did not. *Id.* On February 2, 2019, a year after this change in the membership structure, Plaintiff purchased a $45 membership. *See* Decl. Ex. A at 1-2; *see also* Pet. ¶ 13 (indicating Plaintiff's membership number, which matches the membership number in Exhibit A). A Club Membership was the only membership available for $45 at the time of this purchase. *See* Decl. Ex. B; Pet. ¶ 12. At the time of the events alleged in the Petition, Plaintiff thus did not have a membership that entitled her to early shopping privileges.

It follows that Plaintiff's claims fail as a matter of law. Because Plaintiff's membership did not grant her early shopping privileges, Sam's Club could not have breached her membership agreement by allegedly terminating such privileges. Plaintiff's breach of contract claim should thus be dismissed with prejudice for failure to plead conduct breaching the agreement. *See Keveny v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (elements of breach of contract include, *inter alia*, existence of a contract and breach by defendant); *Rabalais v. Barnett*, 683 S.W.2d 919, 921 (Ark. 1985) (same).

> ### 2. Even if Plaintiff Had Been Afforded Early Shopping Access, Revoking that Access Would Not Have Breached Her Membership Agreement, Which Allowed Such Benefit Changes.

Even if Plaintiff's February 2019 membership had afforded her access to early shopping hours and that access was revoked during the membership year, Plaintiff's claims still would fail because benefit changes were expressly allowed by the agreement. The 2019 Terms and Conditions provided:  "All Sam's Club rules, including these Membership Terms and Conditions, may be amended from time to time without notice." Decl. Ex. C at 7.  They also included a "100% Satisfaction Guarantee on Membership," which provided that Sam's Club would refund the actual amount paid for a membership at any time during the membership year if the member is not satisfied.  *Id.* at 8; Decl. Ex. E at 21-22 (similar provision in 2020 Terms and Conditions).

Thus, even if Sam's Club had changed the benefits associated with its membership levels during Plaintiff's 2019 membership as alleged, doing so would not have breached the parties' agreement.  *See, e.g.*, *Hammarquist v. United Cont'l Holdings, Inc.*, 809 F.3d 946, 950 (7th Cir. 2016) (changing benefits of airline's premier membership status did not breach contract because contract permitted airline to change benefits "'at any time,' with or without notice"); *Lagen v. United Cont'l Holdings, Inc.*, 774 F.3d 1124, 1127-28 (7th Cir. 2015) (similar).[2]  Plaintiff's breach of contract claim fails for this additional reason as well.

---

[2] *See also Anderson v. Alpha Portland Indus., Inc.*, 836 F.2d 1512, 1518-19 (8th Cir. 1988) (affirming judgment in favor of defendant employer for claims arising from termination of health and life insurance benefits where defendant reserved contractual right to terminate); *In re Unisys Corp. Retiree Med. Ben. ERISA Litig.*, 58 F.3d 896, 904-05 (3d Cir. 1995) (similar); *Kamilowicz v. Hartford Fin. Servs. Grp., Inc.*, 494 Fed.

3.     **Breach of the Duty of Good Faith Is Not a Cause of Action Separate from the Breach of Contract Claim.**

The Court also should dismiss Plaintiff's claim for breach of the duty of good faith and fair dealing for the additional reason that it is not a separate cause of action from the breach of contract claim.  *See Meridian Creative Alliance, LLC v. O'Reilly Auto. Stores, Inc.*, 519 S.W.3d 839, 845 (Mo. App. 2017) ("The implied duty of good faith is not a separate claim beyond or divorced from the contract."); *see also Comprehensive Care Corp. v. RehabCare Corp.*, 98 F.3d 1063, 1066 (8th Cir. 1996) (citing *Glass v. Mancuso*, 444 S.W.2d 467, 478 (Mo. 1969)); *Harmon v. Wells Fargo, N.A.*, 2015 WL 13752627, at *5 (W.D. Ark. Dec. 30, 2015) (no cause of action for a breach of the contractual duty of good faith exists in Arkansas).  This claim should be dismissed.

B.     **Plaintiff's Tort and Statutory Claims Fail for Several Reasons.**

1.     **The Economic Loss Doctrine Bars Plaintiff's Tort Claims.**

The Court should dismiss Plaintiff's tort claims because they are barred by the economic loss doctrine.  "The economic loss doctrine prohibits a plaintiff from seeking to recover in tort for economic losses that are contractual in nature."  *Captiva Lake Invs., LLC v. Ameristructure, Inc.*, 436 S.W.3d 619, 628 (Mo. App. 2014).  "[R]ecovery in tort for purely economic damage is limited to those cases where there is personal injury, damage to property, other than that sold, or destruction of the property sold due to some violent occurrence."  *Wilbur Waggoner Equip. & Excavating Co. v. Clark Equip. Co.*, 668 S.W.2d 601, 603 (Mo. App. 1984).    The doctrine applies to both merchant and

---

Appx. 153, 157 (2d Cir. 2012); *Cook v. Gen. Nutrition Corp.*, 2017 WL 4340664, at *7-8 (W.D. Pa. Sept. 29, 2017).

consumer transactions and bars even misrepresentation claims.  *See Johnsen v. Honeywell Int'l Inc.*, 2015 WL 631361, at *8-9 (E.D. Mo. Feb. 12, 2015) (citing *Bruce Martin Constr., Inc. v. CTB, Inc.*, 735 F.3d 750, 752 (8th Cir. 2013)); *OS33 v. CenturyLink Commc'ns, LLC*, 350 F. Supp. 3d 807, 816 (E.D. Mo. 2018).  The Court should dismiss all of Plaintiff's tort claims as barred by the economic loss doctrine.

> **2.     The Petition Fails to State a Claim for Fraudulent or Negligent Misrepresentation or Fraudulent Inducement.**
>
> **a.     The Statement Was True When Made and Remains So.**

The Court also should dismiss Plaintiff's tort claims because Plaintiff affirmatively alleges—and documents embraced by the pleadings show—that the statement on which her claims are based was true when made and remains so.  Plaintiff's fraudulent and negligent misrepresentation, and fraudulent inducement claims all require falsity of the statement upon which the claim is based.  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 853 (8th Cir. 2014) (fraudulent and negligent misrepresentation); *Trotter's Corp. v. Ringleader Restaurants, Inc.*, 929 S.W.2d 935, 939 (Mo. App. 1996) (fraudulent inducement) (citing *ITT Commerical Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 386 (Mo. 1993)).  Because Plaintiff's Petition and documents it embraces concede the truth of the statement at issue, her tort claims fail.

First, Plaintiff must allege the statement was false when made.  *Powers v. Shore*, 248 S.W.2d 1, 6 (Mo. 1952) ("The truth or falsity of the representation must be determined as of the time it was made and as of the time it was intended to be, and was, relied upon and acted upon.").  Plaintiff's claims are based on a Sam's Club cashier's alleged statement in July 2019 that Plaintiff's membership did not permit her to shop

between 7:00 a.m. and 9:00 a.m.  Pet. ¶ 15.  Yet, Plaintiff affirmatively alleges that the statement was true when made.  Indeed, Plaintiff alleges that the cashier's statement that non-Plus members could not shop before 9:00 a.m. remained true on a subsequent visit. *Id*. ¶ 15.  Plaintiff alleges only "[u]pon information and belief" that the cashier's statement became false "at some point during 2019" when Sam's Club allegedly amended its rules to allow all membership tiers to shop early.  *Id*. ¶ 19.  Plaintiff's admission that the cashier's statement was true when made, and on a subsequent visit, is fatal to her fraud and misrepresentation claims.  *See Twombly*, 550 U.S. at 557.

Second, the allegation—made solely on information and belief—that Sam's Club subsequently amended its rules at some point in 2019 to allow all members to shop early is false, as demonstrated by documents the Court may consider in deciding the motion to dismiss.  The membership benefits brochure that reflects the terms of Plaintiff's Club membership shows that early shopping privileges are a benefit afforded only Plus members and that hours may vary by club.  *See* Decl. Ex. B.[3]  Plaintiff thus fails to plead that the cashier's statement was ever false.  Plaintiff's fraud and misrepresentation claims should be dismissed with prejudice. *See OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Research*, 851 F.3d 800, 804-05 (8th Cir. 2017) (affirming dismissal of fraud claims refuted by contractual provisions).

---

[3] The Court also may take judicial notice of current membership information on Sam's Club's website, which shows only Plus members are offered early shopping.  *See* SAM'S CLUB,   https://www.samsclub.com/sams/pagedetails/content.jsp?pageName=aboutSams (last visited June 4, 2020) (under "About Sam's Club Membership"); Fed. R. Evid. 201(b)(2); *Enter. Rent-a-Car Co. v. U-Haul Intern., Inc.*, 327 F. Supp .2d 1032, 1042 n.4 (E.D. Mo. 2004) (taking judicial notice of company website).

> **b.**   **Plaintiff's Fraud Claims Also Fail because the Petition Does Not Adequately Allege Fraudulent Intent.**

Even if it were true that Sam's Club subsequently extended early shopping hours to all membership levels, Plaintiff's fraud claims *still* should be dismissed for failure to plead intent as required by Rule 9(b). *See Topchian*, 760 F.3d at 853 (fraudulent misrepresentation requires plausible allegation that defendant's agent knew the representation was false and intended for the plaintiff to act on the representation); *Trotter's Corp.*, 929 S.W.2d at 939 (fraudulent inducement requires plausible allegation that the speaker knew the statement was false when made and spoke "with the purpose of deceiving" the plaintiff). Plaintiff does not include the necessary allegations here—nor could she. She alleges that she later decided the cashier's representation was false because during a subsequent visit a separate Sam's Club employee informed her that all members were entitled to shop before 9:00 a.m. Pet. ¶ 18. But these allegations do not allow for a reasonable inference that the initial cashier knew his or her statement was false or intended to deceive Plaintiff. Because Plaintiff's allegations are "equally consistent with a scenario in which [the cashier] fully and reasonably believed that his [or her] statement was true," they fail to meet even Rule 12(b)(6)'s more lenient standard and must be dismissed. *Topchian*, 760 F.3d at 853 (citing *Iqbal*, 556 U.S. at 678).

> **c.**   **Plaintiff's Negligent Misrepresentation Claim Fails because the Petition Fails to Allege Negligence.**

To plead a claim for negligent misrepresentation, Plaintiff must plausibly allege that the cashier made the alleged misrepresentation due to a "failure to exercise reasonable care." *Topchian*, 760 F.3d at 853. Like the plaintiff in *Topchian*, Plaintiff

here fails to allege "any steps that [the cashier] took or failed to take to determine" whether his or her representation was false, and as a result the Petition is "equally consistent with [the cashier] having exercised reasonable . . . care to investigate the truth of his [or her] statement."   *Id.*   Thus, Plaintiff fails to plead that the cashier acted negligently.

### 3.   Plaintiff Fails to State a Claim for Violation of the MMPA because the Petition Fails to Allege an Unfair Practice.

"The MMPA provides a private right of action to any person who sustains ascertainable loss in connection with the purchase or lease of merchandise as a result of certain practices declared unlawful."   *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 719 (8th Cir. 2017); *see also* Mo. Rev. Stat. § 407.020(1) (declaring unlawful the use of "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact").   Plaintiff alleges that Sam's Club's "unlawful" practice was its termination of Plaintiff's "Sam's Business Membership and charg[ing] her for a Sam's Plus Membership."   Pet. ¶ 78.   This claim fails for the reasons discussed above.   To the extent the claim relies on alleged unlawful termination of Plaintiff's Business membership, it fails for the same reasons as Plaintiff's breach of contract claims.   To the extent it relies on fraud or misrepresentation, the claim fails for the same reasons as Plaintiff's other fraud and misrepresentation claims.

## III.   PLAINTIFF'S REQUEST FOR DAMAGES NOT ALLOWED BY HER MEMBERSHIP AGREEMENT SHOULD BE STRICKEN.

Plaintiff's Sam's Club membership agreement includes a limitation of liability provision, in all capital letters, that prohibits Plaintiff from recovering losses or damages

of any kind arising out of or related to her membership.  Decl. Ex. E at 10.  In the alternative, the provision limits Plaintiff's recoverable damages to fees paid by Plaintiff in connection with her membership during the six (6) months preceding the date on which the claim arose.  *Id*.  Such provisions are enforceable.  *Hill v. Lincoln Property Co.*, 2011 WL 65929, at *3-6 (E.D. Mo. Jan. 10, 2011) (exculpatory clause in contract of adhesion was enforceable); *Saey v. Xerox Corp.*, 31 F. Supp.  2d 692, 701 (E.D. Mo. 1998); *Haines v. St. Charles Speedway, Inc.*, 874 F.2d 572, 575 (8th Cir. 1989) (limitation of liability provision in contract of adhesion was enforceable).  The Court should strike or limit Plaintiff's claim for damages consistent with the agreement.

## IV.    THIS COURT LACKS JURISDICTION OVER OUT-OF-STATE PUTATIVE CLASS MEMBERS' CLAIMS AGAINST SAM'S CLUB.

This Court cannot, consistent with due process, exercise personal jurisdiction over Sam's Club with respect to the claims of putative class members who reside outside Missouri and who have no connection to the State.  *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal.*, 137 S.Ct. 1773, 1781-82 (2017).  Thus, the Court should dismiss the putative nationwide class claims asserted against Sam's Club for lack of personal jurisdiction.  *See In re Dicamba Herbicides Litig.*, 359 F. Supp. 3d 711, 723 (E.D. Mo. 2019) (dismissing nationwide class claims against non-resident defendant).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should refer Plaintiff's claims to binding arbitration or, in the alternative, dismiss Plaintiff's claims with prejudice.

Dated:  June 5, 2020                Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

By: *_/s/ A. Elizabeth Blackwell_*
    A. Elizabeth Blackwell, #50270MO
    Darci F. Madden, #51463MO

    211 North Broadway, Suite 3600
    St. Louis, MO  63102-2750
    Telephone:  (314) 259-2000
    Facsimile:  (314) 259-2020
    liz.blackwell@bclplaw.com
    dfmadden@bclplaw.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 5th day of June, 2020, the foregoing was filed electronically via the ECF/CM system with the Clerk of Court which will serve Notice of Electronic Filing upon all counsel of record via electronic mail.

*/s/ A. Elizabeth Blackwell*