

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VIRGINIA HERRMANN, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 4:20-cv-00706 ) |
| v. | ) JURY TRIAL DEMANDED ) |
| SAM'S EAST, INC. d/b/a SAM'S CLUB #6474, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S COMPLAINT**

In its initial brief, Defendant failed to provide any evidence for its claim that plaintiff Virginia Herrmann remained a Sam's Club member after February 1, 2020. The governing document contained no arbitration clause and provides that Herrmann's February 2, 2019 was effective for 12 months. *See* Doc. 6-4, Ex. C, at 8. Sam's Club drafted the terms. Any ambiguity regarding the duration of the renewal is therefore resolved in favor of Herrmann. Nothing more is needed to determine that no arbitration agreement exists between the parties, as Herrmann did not remain a Sam's Club member after February 1, 2020 by virtue of the 2019 Terms and Conditions.

Additional evidence exists. In her brief, Herrmann provided two e-mails she sent Sam's Club on February 6, 2020, the day she first saw Defendant's February 1 e-mail

1

attempting to impose an arbitration clause at midnight that night. *Herrmann Dec.*, Doc. 11-1, ¶¶ 6 – 9, Exs. 1 – 3. The e-mails, received by Sam's Club but omitted from its motion, objected to arbitration and demanded her membership be canceled. *Id.*, Ex. 3.

On July 29, 2020, Plaintiff's counsel received in the mail from Plaintiff the document marked as Exhibit 1-A to Defendant's supplemental filing. *See* Doc. 16-3. The document purports to be a renewal notice Sam's Club sent Herrmann for 2020. *Id*. It indicates her membership would expire on February 18, 2020. *Id*. Sam's Club omitted the notice from both its initial and reply briefs. Although Sam's Club was presumed to be in possession of the document it generated, Plaintiff's counsel nonetheless provided the document to Defendant's counsel at 11:37 a.m. the same morning it was received.

As bizarre as it is that Sam's Club declined to make a record of any of this information set forth in its own documents before now, its post hoc assessment of when Herrmann's renewal expired is nonetheless trumped by the 2019 Terms and Conditions. They contain a merger clause. Doc. 6-4, Ex. C at 12, § X. Herrmann's February 2, 2019 renewal was effective for 12 months and lapsed on February 1, 2020. The unilateral, adhesive, unconscionable arbitration language Sam's Club attempted to impose never applied to Herrmann because she was not a member when it purportedly became effective. Herrmann objected to the arbitration language as soon as she saw it on February 6, 2020 and could not have done anything more under the circumstances to object. She could not have responded to a circular she did not receive or an e-mail sent less than 12 hours before it purportedly required her to opt out and which she did not even see until 5 days after it was sent. Defendant's Motion should be denied.

Dated: August 10, 2020	Respectfully submitted,

ONDERLAW LLC


By:  /s/ W. Wylie Blair
   James G. Onder, # 38049
   onder@onderlaw.com
   W. Wylie Blair, # 58196
   blair@onderlaw.com
   Martin L. Daesch # 40494
   daesch@onderlaw.com
   Lawanna S. Wichmann, # 53999
   wichmann@onderlaw.com
   190 East Lockwood
   St. Louis, MO  63119
   Telephone:  (314) 963-9000
   Facsimile:  (314) 963-1700

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 10th day of August, 2020 the foregoing was filed electronically via the ECF / CM system with the Clerk of the Court for purposes of serving a Notice of Electronic Filing upon all counsel of record via electronic mail.

    /s/ W. Wylie Blair