UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VIRGINIA HERRMANN, *individually and on behalf of all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) Case No. 4:20-cv-00706 ) |
| v. | ) JURY TRIAL DEMANDED ) |
| SAM'S EAST, INC. d/b/a SAM'S CLUB #6474, | ) ) ) |
| Defendant. | |

**DEFENDANT'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION
OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S COMPLAINT**

On June 5, 2020, Defendant Sam's East, Inc. ("Sam's Club") filed a Motion to Compel Arbitration or, in the Alternative, to Dismiss Plaintiff's Complaint for Failure to State a Claim.  ECF # 5.  In the memorandum supporting its motion, Sam's Club explained that Plaintiff is bound by the class action waiver and mandatory arbitration provision in the Terms & Conditions of her Sam's Club Membership Agreement because she continued her membership beyond February 1, 2020, the effective date of the updated Terms & Conditions.  ECF # 6 at 5.  In her opposition brief, Plaintiff disputed that fact, arguing that "Defendant's unsupported assertion notwithstanding, Herrmann indisputably did not continue her membership beyond February 1, 2020."  ECF # 11 at 3 (citing Doc. 6 at 5; Herrmann Decl. ¶ 2).

1

A document recently provided to counsel conclusively demonstrates that Plaintiff did continue her membership past February 1, 2020.  *See* Ex. 1-A to Supplemental Declaration of Jeffrey Wadlin ("Supp. Wadlin Decl.") (letter from Sam's Club to Plaintiff advising that her membership would expire on February 18, 2020); *see also* Suppl. Wadlin Decl. ¶ 4 (attached as Ex. 1).  Plaintiff's Sam's Club membership did not expire until February 18, 2020.  *See id.*  Plaintiff was aware of the February 18, 2020 expiration date because Sam's Club advised Plaintiff on or around the end of 2019 that her membership would not expire until February 18, 2020.  *See* Suppl. Wadlin Decl. ¶ 3; Ex. 1-A.  Indeed, on February 6, 2020, Plaintiff emailed Sam's Club stating that she wished to cancel her membership and obtain a refund (ECF # 11-3), but later that same day retracted the earlier email and stated that she wished to cancel her membership but not receive a refund (ECF # 11-4).  These emails and Exhibit 1-A conclusively establish that Plaintiff's membership did extend beyond February 1, 2020, and that Plaintiff was fully aware that it did.

Because Plaintiff indisputably continued her membership beyond the February 1, 2020 effective date of the updated Terms & Conditions, she is bound by the class waiver and mandatory arbitration provision contained therein.  The case should be referred to arbitration.

Dated:  August 7, 2020                        Respectfully submitted,

                                              BRYAN CAVE LEIGHTON PAISNER LLP

                                              By: */s/ A. Elizabeth Blackwell*
                                                  A. Elizabeth Blackwell, #50270MO
                                                  Darci F. Madden, #51463MO

                                              211 North Broadway, Suite 3600
                                              St. Louis, MO  63102-2750
                                              Telephone:  (314) 259-2000
                                              Facsimile:  (314) 259-2020
                                              liz.blackwell@bclplaw.com
                                              dfmadden@bclplaw.com

                                              *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 7th day of August, 2020, the foregoing was filed electronically via the ECF/CM system with the Clerk of Court which will serve Notice of Electronic Filing upon all counsel of record via electronic mail.

      */s/ A. Elizabeth Blackwell*